Peter R. Afrasiabi, Esq. (Bar No. 193336)
pafrasiabi@onellp.com
John Tehranian, Esq. (Bar. No. 211616)
jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan, Esq (Bar. No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

Attorneys for Plaintiff/Counter-Defendant
Taylor Holland LLC and Counter-Defendant
Taylor Holland

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TAYLOR HOLLAND LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>MVMT WATCHES, INC., a California corporation, and DOES 1-10 INCLUSIVE,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:15-cv-03578-SVW-JC<br>Hon. Stephen V. Wilson<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF TAYLOR HOLLAND LLC'S MOTION FOR SUMMARY JUDGMENT ON MVMT'S LIABILITY FOR COPYRIGHT INFRINGEMENT AND WILLFULNESS**<br><br>Hearing Date:<br>Date: February 1, 2016<br>Time: 1:30 p.m.<br>Crtrm: 6 – 2nd Floor |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................1
II.    STATEMENT OF FACTS .................................................................................2
       A.   Mr. Holland takes the Photo as Part of a Test Shoot with Ms. Marchese who Has a License to Use the Photos ........................................2
       B.   MVMT Willfully Infringed the Photo as It Never Contacted Mr. Holland to Ask for a License ...................................................................4
III.   STANDARDS FOR SUMMARY JUDGMENT ...............................................5
IV.    LEGAL ARGUMENT ........................................................................................6
       A.   MVMT Has Directly Infringed Holland's Photograph on its Website ............6
            1.   Taylor Holland LLC Is Without Question the Owner of the Photo .......6
            2.   MVMT Willfully Infringed Holland's Photo When It Displayed the Photo on Its Website ...............................................................6
       B.   There is no Triable Issue of Fact Relating to MVMT'S Affirmative Defenses of Consent, Acquiescence, Waiver, Estoppel, Unclean Hands and, as such, MVMT's Affirmative Defenses Should be Rejected as a Matter of Law.................................................................................8
            1.   Holland Neither Consented to nor Provided an Implied License to MVMT's Use of the Photo ................................................................8
            2.   Holland Did Not Acquiesce to MVMT'S Use of the Photo ..................9
            3.   Holland Has Not Waived or Abandoned His Rights to the Photo.........9
            4.   Holland Is Not Estopped From Asserting His Rights to the Photo ......10
            5.   Holland's Infringement Claim Is Not Barred by Unclean Hands ........11
       C.   MVMT Has Acted Willfully in its Infringement of Plaintiff's Photo as a Matter of Law and there is no Triable Issue of Fact to Suggest Otherwise. ......................................................................................................11
V.     CONCLUSION..................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*A & M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ................................................................................ 6, 9

*Addisu v. Fred Meyer*,
  198 F.3d 1130 (9th Cir. 2000) .................................................................................. 5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ............................................ 5

*Asset Marketing Sys. Inc. v. Gagnon*,
  542 F. 3d 748 (9th Cir. 2008) ................................................................................... 8

*Atlantic Recording Corporation v. Chan*,
  94 Fed.Appx. 531, 2004 WL 626553 (9th Cir. 2004) ............................................ 12

*Bohonus v. Amerco*,
  124 Ariz. 88, 602 P.2d 469 (1979) ......................................................................... 10

*Brandy v. Grendene USA, Inc.*,
  No. 3:12-CV-0604-GPC-KSC. 2014 WL 5847276 (S.D. Cal. Nov. 12, 2014) ....... 9

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S.Ct. 2548 (1986) ....................................................................... 5

*Corbello v. DeVito*,
  777 F.3d 1058 (9th Cir. 2015) .................................................................................. 9

*Hampton v. Paramount Pictures Corp.*,
  279 F.2d 100 (9th Cir. 1960) .................................................................................. 10

*Heads Reserve, LLC v. Center for Natural Lands Management*,
  523 F.Supp.2d 1113 (C.D. Cal. 2007) .................................................................... 10

*In re Barboza*,
  545 F.3d 702 (9th Cir. 2008) .................................................................................. 11

*In re MSR Resort Golf Course LLC*,
  471 B.R. 783 (S.D.N.Y. 2012) ............................................................................... 10

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
  413 F.3d 257 (2d Cir. 2005) ................................................................................... 12

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

*Los Angeles New Service v. Tullio*,
   973 F. 2d 791 (9th Cir. 1992) ...................................................................................... 11

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
   658 F. 3d 936 (9th Cir. 2011) ............................................................................... 11, 12

*Micro Star v. Formgen Inc.*,
   154 F.3d 1107 (9th Cir. 1998) ........................................................................................ 9

*N.A.S. Import Corp. v. Chenson Enterprises, Inc.*,
   968 F.2d 250 (2d Cir. 1995) ......................................................................................... 12

*Novelty Textile Mills, Inc. v. Joan Fabrics Corp*,
   558 F.2d 1093 (2d Cir. 1977) ......................................................................................... 7

*Peer Intern. Corp. v. Pausa Records, Inc.*,
   909 F. 2d 1332 (9th Cir. 1990) .................................................................................... 12

*RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*,
   845 F.2d 773 (8th Cir. 1988) ....................................................................................... 12

*Seaman v. Pyramid Techs., Inc.*,
   SACV 10-00070 DOC, 2011 WL 5508971 (C.D. Cal. Nov. 7, 2011) .............................. 8

*Seller Agency Council Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.*,
   621 F.3d 981 (9th Cir. 2010) ......................................................................................... 9

*State v. Employers Mut. Cas. Co.*,
   303 Ill.App.3d 898, 237 Ill. Dec. 184, 708 N.E.2d 1224 (1999) ..................................... 10

*Suburban Pump & Water Co. v. Linville*,
   60 Ariz. 274, 135 P.2d 210 (1943) ............................................................................... 10

*SunAmerica Corp. v. Sun Life Assur. Co. of Canada*,
   77 F.3d 1325 (11th Cir. 1996). ...................................................................................... 9

*Taylor v. List*,
   880 F.2d 1040 (9th Cir.1989) ........................................................................................ 5

*Three Boys Music Corp. v. Bolton*,
   212 F. 3d 477 (9th Cir. 2000) ........................................................................................ 7

*UMG Recordings, Inc. v. Disco Azteca, Distributors, Inc.*,
   446 F. Supp. 2d 1164 (E.D. Cal. 2006) .................................................................. 11, 12

**Statutes**

17 U.S.C. § 106 ......................................................................................................... 6, 7

17 U.S.C. § 202 ............................................................................................................ 9

17 U.S.C. §201(a) ........................................................................................................ 6

17 U.S.C. §201(d) ........................................................................................................ 6

**Other Authorities**

J. Thomas McCarthy, *McCarthy on Trademarks* § 31:41 (2008) ............................... 9

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a simple and straightforward case of willful copyright infringement. Indeed, the only real issue is the extent of damages. As such, since there are no relevant triable issues of fact, the Court should grant summary judgment to Plaintiff Taylor Holland LLC on the matter of copyright infringement and willfulness.

Taylor Holland LLC owns all rights, including the copyright, to a photograph ("Photo") showing a woman's midsection in stylish clothing and jewelry. Defendant MVMT Watches, Inc. is a sophisticated, multinational corporation with a vast intellectual property portfolio and world-wide brand who used the Photo without permission or consent. MVMT is managed by and co-founded by an entrepreneur who holds himself out as a marketing and "growth hacking" expert and as a serial entrepreneur. There is no question that MVMT uploaded and displayed the Photo on its website. It expressly admits it directly copied the Photo in at least its motion for summary judgment when it argues there is no triable issue of fact on the affirmative defenses it has raised. Indeed, the attached declaration of its co-founder expressly admits he uploaded the Photo and did so without payment to or direct authorization from Plaintiff or its predecessor-in-interest. As such, MVMT has reproduced, publicly displayed and distributed copies of the Photo in violation of Plaintiff's exclusive rights secured pursuant to section 106 of the Copyright Act, thereby infringing Plaintiff's copyrights.

Moreover, there is no triable issue of fact that the MVMT acted at least with reckless indifference (if not outright disregard for the law) when it uploaded the Photo on its commercial website to advertise its products. Most significantly, MVMT never communicated with Mr. Holland regarding the Photo until after MVMT infringed it (and only when Mr. Holland reached out to MVMT to notify it of its infringement). It is undisputed that Ms. Marchese, the non-party who delivered the Photo to MVMT without Holland's consent, knowledge, or authorization, had the contact information of Mr. Holland and even the metadata of the Photo file listing Taylor Holland as the artist. MVMT

could have easily requested a license from Mr. Holland—but it did not do so.  And, as a regular creator and use of intellectual property, MVMT is fully aware of the strictures of the law which dictated that copyrighted materials must be licensed before such use.

Aside from having sophisticated management (who directed the uploading of the Photo), MVMT ensures its own intellectual property rights are not violated by its own Terms of Service that is posted on its website. A sophisticated publisher of intellectual property cannot be said to have taken prudent care when it failed to reach out to Mr. Holland to request a license to display and reproduce it on its website, thereby making the willfulness case open and shut.  Summary judgment should therefore issue on both MVMT's infringement of Taylor Holland LLC's copyright and the willfulness thereof.

## II.   STATEMENT OF FACTS

### A.   Mr. Holland takes the Photo as Part of a Test Shoot with Ms. Marchese who Has a License to Use the Photos

Taylor Holland is a professional photographer who is regularly hired by clients to shoot photographs for social media campaigns, print, and websites.[1] (UF 1) In late 2014, Demi Marchese, a non-party to this suit and owner of an online clothing store called 12th Tribe, contacted Taylor Holland to inquire about the possibility of using his photography services for her website, 12thtribe.com. (UF 2) Mr. Holland and Ms. Marchese decided to shoot certain models and clothes to determine whether Ms. Marchese would be interested in working with Mr. Holland. (UF 3) Because Ms. Marchese seemed to have an ongoing need for a commercial photographer to take photos for her website, Mr. Holland hoped that he and Ms. Marchese/12th Tribe would start a long term business relationship and that she would retain him for many photo shoots to come. (UF 4) Ms. Marchese was not charged for the photographs during this session (one of which is the photograph at issue in this lawsuit) because it was only a test shoot for services. (UF 5)

---

[1] Mr. Holland assigned the rights to the Photo in this action to Taylor Holland LLC, plaintiff in this case. For purposes of this motion, Mr. Holland and Taylor Holland LLC (or "THLLC") are used interchangeably unless otherwise noted.

2
**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Mr. Holland and Ms. Marchese entered into an agreement ("2014 Agreement") relating to the photo shoot that expressly said "[t]he photographs produced by the PHOTOGRAPHER are protected by Federal Copyright Law (all rights reserved) and may not be reproduced in any manner without the PHOTOGRAPHER's explicit[] written permission. The CLIENT must obtain written permission from the PHOTOGRAPHER prior to publishing or selling the photographs in any medium." (UF 6) Mr. Holland clearly retained all rights, title and interest, including but not limited to copyrights, to the photographs from that shoot and Ms. Marchese was expressly informed that she did not have the right to distribute or license the photographs on Mr. Holland's behalf. (UF 7)

Ms. Marchese had not paid anything to Holland for the photography shoot but, as a token of goodwill, Mr. Holland allowed Ms. Marchese to use the photographs from this shoot, but only for her ***own personal use or for use by 12th Tribe.*** (UF 8) As expressly stated and limited in the 2014 Agreement, Mr. Holland "released the digital rights for these photographs to be reproduced in CLIENT owned Social Media (Facebook, Instagram, etc[.]) and CLIENT owned webstores. The CLIENT must obtain written permission from the PHOTOGRAPHER prior to publishing or selling the photographs in any medium other than the above." (UF 9) Ms. Marchese agreed to these express terms. (UF 10)

***After*** the photoshoot, Ms. Marchese mentioned ***for the first time*** that she would like to send certain photographs to MVMT Watches. (UF 11) She explained that MVMT Watches had an exclusive watch for Urban Outfitters, a large retailer, and that the shots would be posted on its website/social media. (UF 12) Mr. Holland never consented or offered the photographs to MVMT or Urban Outfitters and he did not agree to allow Ms. Marchese to do so. (UF 13) In fact, Ms. Marchese's email mentioning MVMT for the first time was in response to Mr. Holland's question: "[I] [w]anted to understand a bit more about the use of the watch photos before you sent those off – you mentioned Urban Outfitters?" Mr. Holland merely asked for more information about Urban Outfitters, a brand he recognized—he did not provide a license. (UF 14) Of course, Mr. Holland still shared the set of photographs from the shoot (over 70) to Ms. Marchese over his online

3

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

file-sharing storage drive because she had a license to use them, but only for *her* use. (UF 15)

These photographs, including the photo at issue in this case ("Photo"), all contained metadata in the file crediting Taylor Holland as artist. (UF 16) The metadata was, without dispute, in the files provided to Ms. Marchese. Mr. Holland provided the files to Ms. Marchese though his online storage drive. (UF 17) The files which Ms. Marchese accessed in the storage drive and downloaded are the exact same files that exist in Mr. Holland's online storage drive today (in other words, Mr. Holland never deleted the files from his storage drive and they are still untouched and live). (UF 17) The metadata clearly states "Artist: Taylor Holland." (UF 17)

### B. MVMT Willfully Infringed the Photo as It Never Contacted Mr. Holland to Ask for a License

MVMT is a sophisticated creator and user of intellectual property. (UF 21) Aside from having sophisticated management (who directed the uploading of the Photo), MVMT ensures its own intellectual property rights are not violated by its own Terms of Service that is posted on its website. (UF 22)  It also aggressively protects its own intellectual property rights, going so far as to countersue Holland in this case for alleged copyright and trademark infringement.  (UF 23) As such, it is fully aware of the strictures of intellectual property laws which dictate that the wholesale usurpation of someone else's copyrighted photograph for use in a commercial advertisement requires permission from the rightsholder (*i.e.*, author) thereof.  (UF 24) MVMT is managed and co-founded by an entrepreneur who holds himself out as a marketing and "growth hacking" expert and as a serial entrepreneur—he has started three companies and spent time as a marketing consultant, helping other businesses with their marketing efforts. (UF 25) There is no question that MVMT knew it needed a license to use the Photo, but reproduced, distributed and displayed it on the website without obtaining one.  (UF 19)

Ms. Marchese, the non-party who delivered the Photo to MVMT without Holland's consent, knowledge, or authorization, had the contact information of Mr. Holland and even

the metadata of the Photo file listing Taylor Holland as the artist. (UF 16-17) MVMT could easily have reached out to Mr. Holland to obtain rights and negotiate a fair license, but it chose not to do so. (UF 19)

Because Ms. Marchese only mentioned MVMT in passing, Mr. Holland had no reason to suspect MVMT was infringing his work. (UF 18) Before the infringement, Mr. Holland never spoke with MVMT. (UF 19) In March 2015, three months after the photo shoot, Mr. Holland discovered the Photo displayed front and center on the main MVMT commercial website http://mvmtwatches.com, where MVMT advertises and offers for sale its products to the general consuming public. (UF 19) Mr. Holland promptly attempted to resolve this dispute before resorting to litigation. (UF 20) When Holland's efforts were resoundingly rebuffed by MVMT, THLLC was left with no choice but to resort to litigation. (UF 20)

### III.  STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is only appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party has the burden of proof and meets its initial burden, the nonmoving party must identify specific facts, drawn from the materials on file, that show that an issue is genuinely disputed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548 (1986). A nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Likewise, a scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Id.*

## IV. LEGAL ARGUMENT

### A. MVMT Has Directly Infringed Holland's Photograph on its Website

"To establish a prima facie case of direct copyright infringement, a plaintiff (1) must show ownership of the allegedly infringed material and (2) must demonstrate that the alleged infringers committed an act of 'copying' the material by violating at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001). Those rights under Section 106 include the right to reproduce, distribute, publically display, perform, or create derivative works of the copyrighted work. 17 U.S.C. § 106.

#### 1. Taylor Holland LLC Is Without Question the Owner of the Photo

"Copyright in a work protected under [Title 17] vests initially in the author [] of the work." 17 U.S.C. §201(a).  Moreover, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate" 17 U.S.C. § 410.  "The ownership of a copyright may be transferred in whole or in part by any means of conveyance []."17 U.S.C. §201(d).

It is not disputed Taylor Holland authored the Photo and therefore ownership vested to him. Mr. Holland took the Photo as part of the December 2014 photo shoot. (UF 3-5) Further, Mr. Holland registered the Photo on or around March 13, 2015 (within five years of first publication) which constitutes prima facie evidence of his ownership. (UF 26) Mr. Holland validly assigned all rights, title and interests to the Photo, including the copyrights thereto, to Taylor Holland LLC on or around May 12, 2015. (UF 27) As such, the Plaintiff Taylor Holland LLC owns the copyright to the Photo at issue in this suit.

#### 2. MVMT Willfully Infringed Holland's Photo When It Displayed the Photo on Its Website

Infringement can be proven by showing direct evidence of copying, or absent such proof, plaintiff can show defendant had access to the work and that the two works are "substantially similar." *Three Boys Music Corp. v. Bolton,* 212 F. 3d 477, 481 (9th Cir.

2000). "Proof of access requires an opportunity to view or to copy plaintiff's work;" it requires a mere "reasonable opportunity" or "reasonably possibility" of viewing the work. *Id.* at 482. With regard to the identical works, if there is "slavish copying" of the infringed work, a substantial similarity analysis is unnecessary. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp*, 558 F.2d 1093 n.4 (2d Cir. 1977).

This is the rare case of copyright infringement which is open and shut. Because Defendant simply reproduced an exact copy of Plaintiff's Photo, the substantial similarity analysis in unnecessary. MVMT concedes it directly copied the Photo in its briefing and attached declarations. Mr. Kassan, MVMT's principal and co-founder, declares that "On March 12, 2015, MVMT put the subject photograph up on its website." Declaration of Kassan in Support of MVMT's M. Summ. Judg. ¶ 4. Moreover, MVMT claims that there is no triable issue that: Holland gave MVMT consent to use the Photo (MVMT's M. Summ. Judg at 11); Holland acquiesced to MVMT's use of the Photo (MVMT's M. Summ. Judg at 12); Holland is estopped from asserting infringement when MVMT infringed in apparent reliance on Mr. Holland actions (MVMT's M. Summ. Judg at 17). All of these affirmative defenses amount to an admission that MVMT reproduced, publicly distributed and publicly displayed (i.e., violated Plaintiff's exclusive rights to) the Photo in violation of 17 U.S.C. § 106.

Regardless, access and substantial similarity are also conceded by MVMT. For example, Ms. Marchese declares "After [Holland] sent me the photograph, on January 6, 2015, I forwarded it to MVMT." Declaration of Marchese in Support of Defendant's M. Summ. Judg. at ¶ 6. And, Mr. Kassan declares, "Ms. Marchese sent us the photograph." Declaration of Kassan in Support of Defendant's M. Summ. Judg. at ¶ 4. Moreover, as stated above, Mr. Kassan uploaded the Photo to the website, making a copy that is strikingly similar (if not identical) to the copyrighted work. *Id.*

There is no triable issue of fact relating to MVMT's copyright infringement of the Photo. And MVMT effectively concedes this point, as its defenses rely exclusively on the

7

notion that, although it may have reproduced, publicly distributed and public displayed Plaintiff's Photo, it did so in a way that is excused by affirmative defenses available at law.

### B. There is no Triable Issue of Fact Relating to MVMT'S Affirmative Defenses of Consent, Acquiescence, Waiver, Estoppel, Unclean Hands and, as such, MVMT's Affirmative Defenses Should be Rejected as a Matter of Law

Holland opposed MVMT's motion for summary judgment brought on a number of affirmative defenses. None of them raise a triable issue of fact and therefore Holland moves for them to be dismissed in this motion for summary judgment. Of course, MVMT has the burden of proving each of the affirmative defenses below. *Seaman v. Pyramid Techs., Inc.,* SACV 10-00070 DOC, 2011 WL 5508971, at * 6 (C.D. Cal. Nov. 7, 2011) ("the burden of proving affirmative defenses falls on the defendant"). The arguments presented in Holland's opposition are incorporated by reference and are summarized below:

#### 1. Holland Neither Consented to nor Provided an Implied License to MVMT's Use of the Photo

In the Ninth Circuit, an implied license has been found only when "a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work. *Asset Marketing Sys. Inc. v. Gagnon,* 542 F. 3d 748, 754-77 (9th Cir. 2008). It has provided no evidence that Holland ever provided an implied license to MVMT. As shown in Holland's Opposition, MVMT never communicated with Mr. Holland until *after* the infringement. (UF 11) It is therefore impossible for MVMT to have requested that Mr. Holland create the work or that Mr. Holland ever intended that MVMT copy and distribute the work. MVMT attempts to argue that Mr. Holland's sharing of the files with Ms. Marchese is evidence of consent. But this theory glosses over the fact that Mr. Holland issued a license to Ms. Marchese for use of the Photo as well as the other photographs in that set and Holland never even gave copies of his work to MVMT. (UF 8, 11, 15) Because "the copyright statute forbids courts from

8

inferring a transfer of copyright or a license from mere delivery of the material object in which the work is embodied" MVMT's theory of license must be rejected. *Corbello v. DeVito,* 777 F.3d 1058, 1067 (9th Cir. 2015) (citing 17 U.S.C. § 202).

### 2. Holland Did Not Acquiesce to MVMT'S Use of the Photo

Acquiescence is an affirmative defense that usually applies to trademark cases. Similar to laches, it concerns delay in enforcement of rights, except acquiescence requires an element of active or explicit consent. *See e.g. Seller Agency Council Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.,* 621 F.3d 981, 989 (9th Cir. 2010); *Brandy v. Grendene USA, Inc.,* No. 3:12-CV-0604-GPC-KSC. 2014 WL 5847276, at *8 (S.D. Cal. Nov. 12, 2014); *see also* J. Thomas McCarthy, *McCarthy on Trademarks* § 31:41 (2008).

Even assuming acquiescence is applicable to incidents of copyright infringement, the defense requires that active consent have been communicated to the infringer. *See, e.g. SunAmerica Corp. v. Sun Life Assur. Co. of Canada,* 77 F.3d 1325, 1334 (11th Cir. 1996). There is no evidence (because, quite simply, none exists) that Mr. Holland communicated with MVMT before MVMT displayed and distributed the Photo on its website and therefore it would be impossible for Holland to make any active or explicit representation. (UF 11) Moreover, there is no evidence (because, quite simply, none exists) that Mr. Holland asked or desired that Ms. Marchese act as his agent. This affirmative defense must be rejected.

### 3. Holland Has Not Waived or Abandoned His Rights to the Photo

"In copyright, waiver or abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to surrender rights in his work.'" *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1026 (9th Cir. 2001). That intent must be manifested by some overt act. *Micro Star v. Formgen Inc.,* 154 F.3d 1107, 1114 (9th Cir. 1998). No such overt act exists here. The Photo, as well as all of the other photos shot that day were licensed to Ms. Marchese for her limited use on her website only as agreed to in the 2014 Agreement. (UF 9) This agreement gave her the limited legal right to use them and also expressly stated that she did not have the legal right to sell or distribute the photographs to third parties. (UF

6, 9) This cannot amount to waiver for the Photo in relation to MVMT. Moreover, the express language of the agreement goes directly ***against*** the notion that Mr. Holland intended to abandon his rights ("[t]he photographs produced by the PHOTOGRAPHER are protected by Federal Copyright Law (all rights reserved)"). (UF 6)

### 4.     Holland Is Not Estopped From Asserting His Rights to the Photo

In *Hampton v. Paramount Pictures Corp.,* 279 F.2d 100, 104 (9th Cir. 1960), the Ninth Circuit explained "[t]he doctrine of equitable estoppel does not erase the duty of due care and is not available for the protection of one who has suffered loss solely by reason of his own failure to act or inquire." Moreover, it held "[t]he real cause of [the defendant]'s trouble [who asserted estoppel] was not his lack of knowledge of Paramount's interest. Rather, it was his unwarranted reliance on the assertion of a third party and his failure to use the means at hand to ascertain the extent of this interest asserted." *Id.* at 104-05; *see also Heads Reserve, LLC v. Center for Natural Lands Management,* 523 F.Supp.2d 1113, 1130 (C.D. Cal. 2007) (citing *Hampton* for the same); *In re MSR Resort Golf Course LLC,* 471 B.R. 783 (S.D.N.Y. 2012) (citing *Hampton* for the same); *Suburban Pump & Water Co. v. Linville*, 60 Ariz. 274, 284–85, 135 P.2d 210 (1943) (one who acts with a "careless indifference to means of information reasonably at hand or ignores highly suspicious circumstances which should warn him of danger or loss cannot invoke the doctrine of estoppel"); *Bohonus v. Amerco*, 124 Ariz. 88, 90, 602 P.2d 469 (1979) ("Reliance is not justified where knowledge to the contrary exists."); *State v. Employers Mut. Cas.* Co., 303 Ill.App.3d 898, 237 Ill. Dec. 184, 708 N.E.2d 1224, 1228 (1999) (party cannot "neglect to seek information that is easily accessible, and then charge his ignorance to others").

MVMT *perhaps* relied on statements made by Ms. Marchese, but this does not excuse their duty of care when they posted the Photo without taking simple measures, like checking metadata or asking Ms. Marchese for Holland's contact information, to request a license to use the Photo. MVMT never contacted Mr. Holland before it infringed the Photo, even though Mr. Holland was listed as the artist in the Photo's metadata and even though Ms. Marchese was obviously aware that Mr. Holland took the Photo. (UF 11) By merely

sharing the images with Ms. Marchese who had a license to use them, Mr. Holland was merely fulfilling his contractual obligation to Ms. Marchese—this cannot amount to conduct that was intended to deceive MVMT and change its position. (UF 15) Ms. Marchese did not have any rights to grant to MVMT and MVMT cannot argue otherwise. MVMT cannot now claim Holland is estopped from bringing an infringement claim because of Ms. Marchese's actions.  To hold otherwise would immunize defendants from copyright liability just because they received a sham license from a third party.  That is simply not the law of copyright, which is a strict liability regime where even mistaken infringement still gives rise to damages.  *UMG Recordings, Inc. v. Disco Azteca, Distributors, Inc.,* 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006). ("a plaintiff need not demonstrate the defendant's intent to infringe the copyright in order to demonstrate copyright infringement.").

        **5.**    **Holland's Infringement Claim Is Not Barred by Unclean Hands**

Unclean hands is "rarely effective, and is properly denied when the "plaintiff's transgression is of an … inconsequential nature." *Los Angeles New Service v. Tullio,* 973 F. 2d 791, 799 (9th Cir. 1992). MVMT has made no allegations supporting the unclean hands defense.  There is no evidence that Mr. Holland made any misrepresentation to the Copyright Office and no evidence that Mr. Holland engaged in copyright misuse. This must be dismissed.

        **C.**    **MVMT Has Acted Willfully in its Infringement of Plaintiff's Photo as a Matter of Law and there is no Triable Issue of Fact to Suggest Otherwise.**

As the Ninth Circuit has held, "[A] finding of 'willfulness' in [the copyright] context can be based on *either* 'intentional' behavior, or merely 'reckless' behavior." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F. 3d 936, 944 (9th Cir. 2011) (citing *In re Barboza,* 545 F.3d 702, 707 (9th Cir. 2008)) (emphasis added). Thus, "[t]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis*

*Vuitton,* 658 F. 3d at 944 (*citing Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir.2005)). Indeed, as conceded by MVMT "[w]illful [in a copyright context] does not mean malicious." *UMG Recordings, Inc. v. Disco Azteca, Distributors, Inc.,* 446 F. Supp. 2d 1164, 1173-74 (E.D. Cal. 2006); *see also N.A.S. Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1995) (willfulness of copyright infringement may be actual or constructive and it may be inferred from the infringer's conduct rather than proven directly*); Atlantic Recording Corporation v. Chan*, 94 Fed.Appx. 531, 2004 WL 626553 (9th Cir. 2004) ("the 'knowledge' standard does not seem to require any such specific intent"); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.,* 845 F.2d 773, 779 (8th Cir. 1988) (the good faith analysis "is subject to the corollary that reckless disregard of the copyright holder's rights (rather than actual knowledge of infringement) suffices to warrant award of the enhanced damages."). Willfulness can appropriately be decided on summary judgment where the relevant facts are admitted or otherwise undisputed. *See Peer Intern. Corp. v. Pausa Records, Inc.,* 909 F. 2d 1332 (9th Cir. 1990).

  In is undisputed that MVMT had notice of, or at the very least acted willfully blind to, the fact of Mr. Holland's authorship and copyright ownership. The file provided to Ms. Marchese, which she passed on to MVMT, had metadata embedded in it. (UF 16-17) The metadata included information like date created, camera used, exposure used, and most importantly, the artist information. (UF 16-17) The metadata specifically stated "Artist: Taylor Holland." (UF 17) The screenshot attached to Mr. Holland's declaration is a true and correct screenshot of the metadata from the exact files that were shared with Ms. Marchese on Mr. Holland's online storage drive. In other words, the metadata seen in Exhibit D is without question the metadata that was provided to Ms. Marchese.

  Moreover, MVMT never communicated with Mr. Holland before it displayed, reproduced, and distributed the Photo on its website. It was also obvious from the face of the Photo that Ms. Marchese was not the author of the photograph—after all, she appeared in it. Yet MVMT—a sophisticated, multinational corporation that regularly creates and

uses intellectual property and aggressively enforces its own intellectual property rights, never once bothered to obtain permission for the use of the photograph from its author and copyright holder, Mr. Holland.  As a sophisticated publisher of photographs of its watches on its website and as a self-professed "world-wide brand" it had no written license from Mr. Holland and had never communicated in any way, whether in writing or orally, with Mr. Holland prior to its infringement. (UF 19) There is no argument by MVMT that Ms. Marchese was acting as an agent of either party so she could not have made representations on behalf of either party.

Further, there is no question MVMT is a sophisticated publisher. MVMT expressly prohibits its users from violating any of its intellectual property rights in Section 12 of its Terms of Service, which states "[Y]ou are prohibited from using the site or its content [] to infringe upon or violate our intellectual property rights." (UF 22) Moreover, Mr. Kassan has extensive experience in what he refers to as "e-commerce, marketing & growth hacking strategic consulting," with expertise in "content marketing" and "social media," which would charge him with knowledge of intellectual property clearances.  (UF 29) MVMT is also active in aggressively enforcing its own intellectual property, as its counterclaims against the Plaintiff plainly indicate. (UF 23)  Therefore, MVMT could not possibly have a reasonable belief that it could lawfully use the Photo. There is no question that MVMT acted willfully (with, at a minimum, reckless indifference to the rights of the Photo's author and copyright holder).  Thus, this Court should not only grant Plaintiff's motion the MVMT infringed its rights as a matter of law but also that MVMT acted willfully in so doing.

/ / /

/ / /

/ / /

## V. CONCLUSION

Holland respectfully requests that the Court grant its motion in its entirety.

Dated: October 13, 2015            **ONE LLP**

By: /s/ Joanna Ardalan
John Tehranian
Joanna Ardalan
*Attorneys for Plaintiff/Counter-Defendant Taylor Holland LLC, and Counter-Defendant Taylor Holland*